UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
VINCE COSTELLO, an infant under the age of                  :
14 years, by his mother and natural guardian,               :   **MEMORANDUM**
Venus Costello, and VENUS COSTELLO,                         :   **DECISION AND ORDER**
individually,                                               :
                                                            :   16 Civ. 2732 (BMC)
                                Plaintiffs,                 :
                                                            :
                - against -                                 :
                                                            :
TARGET CORPORATE SERVICES, INC.                             :
aka Target,                                                 :
                                                            :
                                Defendant.                  :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff's mother brought this negligence action on his behalf in Kings County Supreme Court, alleging that he was injured playing on a decorative structure, a large red ball, outside one of defendant Target's stores in Jersey City, New Jersey, the city in which plaintiff and his mother reside. Target removed the case to this Court based on diversity jurisdiction. The case has nothing to do with the Eastern District of New York, or even Kings County, except that plaintiff's lawyer has his office here and there are three Target stores in Kings County. I therefore issued an Order directing the parties to show cause why this action should not be transferred to the District of New Jersey where the incident occurred, plaintiff resides, and Target operates the subject store, pursuant to 28 U.S.C. § 1404(a). Plaintiff has opposed transfer, while Target has affirmatively taken "no position."

Plaintiff's opposition does not cite, let alone discuss, the operative statute, 28 U.S.C. § 1404(a). He cites only 28 U.S.C. § 1391(b)(1),[1] which shows that the Eastern District of New York would be one of a number of available venues had the action been commenced instead of removed here, but that is precisely the situation addressed by §1404(a). Section 1404(a) provides that "a district court may transfer any civil action to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Based on the plain language of the statute, it is well settled that a district court may transfer a case *sua sponte*, even over the parties' opposition, as the federal judicial system has an interest in allocating jurisdiction of cases where the cases can be most efficiently administered. See, e.g., Angelov v. Wilshire Bancorp., No. 06-cv-3223, 2007 WL 2375131 (S.D.N.Y. Aug. 14, 2007). The factors that a court should consider are equally well established:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted). Courts also look to judicial economy, the interest of justice, and "the comparative familiarity of each district with the governing law," CYI, Inc. v. Ja–Ru, Inc., 913 F. Supp. 2d 16, 19 (S.D.N.Y. 2012), which cannot be disputed here is New Jersey law.

In the instant case, I do not see any of these factors pointing to the Eastern District of New York, except plaintiff's choice of forum. But many cases recognize that the weight afforded plaintiff's choice of forum will be doubly reduced if, first, plaintiff is not a resident of

---

[1] Plaintiff's reference to § 1391 is misplaced. When a case is removed from state court to federal court, the relevant venue provision is 28 U.S.C. § 1441. See PT United Can Co. Ltd. v. Crown Cork & Seal Co., Inc., 138 F.3d 65, 72 (2d Cir. 1998).

the forum, and, second, the operative facts did not occur in the forum that he has chosen.  See, e.g., Indian Harbor Ins. Co. v. NL Envtl. Mgmt. Servs., Inc., No. 12 Civ. 2045, 2013 WL 1144800, at *8 (S.D.N.Y. March 19, 2013) (giving plaintiff's "choice of forum little weight," when neither the plaintiff, nor potential witnesses, nor the locus of operative facts, were located in New York); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 135 (S.D.N.Y. 1994) (plaintiff's choice of forum accorded less weight because it had not "chosen a forum corresponding to the locus of operative facts"); Heyco, Inc. v. Heyman, 636 F. Supp. 1545, 1550 (S.D.N.Y. 1986) (since plaintiff's home forum was New Jersey, plaintiff could not seriously argue "that New York is a more convenient forum than New Jersey, especially when none of the operative facts occurred in New York, but rather occurred in New Jersey"); Mobile Video Services, Ltd v. National Association of Broadcast Employees and Technicians, AFL–CIO, 574 F. Supp. 668, 671 (S.D.N.Y.1983) (plaintiff's choice of forum "accorded less weight" when "'[t]he operative facts of [the] case have no material connection with this district'") (quoting Credit Alliance Corp. v. Nationwide Mutual Insurance Co., 433 F. Supp. 688, 689 (S.D.N.Y. 1977)).  There are thus no substantial factors weighing in favor of maintaining the case in this district.

In addition to the immaterial reference to Target being jurisdictionally present in this district, plaintiff's other attempts to create a nexus are equally unavailing.  First, plaintiff maps out the Path and MTA subway transportation lines to the Courthouse and assures the Court that he will not be inconvenienced by transferring from the Path to the subway, nor would his medical witnesses, who he is confident will be able to take public transportation to the courthouse from New Jersey.  Those court employees who travel between the courthouse and New Jersey on a daily basis during rush hour may dispute that, but it seems clear it will be less

inconvenient to be in his home district. And I see no reason to have a passel of New Jersey medical professionals taking trains and tunnels.

Second, plaintiff asserts that there are no witnesses to the incident at the Jersey City Target store. That may or may not be true of the incident itself, as this case is in its earliest stage, but there may well have been other witnesses in the parking lot or in the front of the store in Jersey City who observed the incident – discovery will tell – and I would be more than surprised if plaintiff does not inquire of store personnel whether there have been other incidents of children playing on the red balls that he claims were negligently designed and gave rise to this incident, whether those children were injured or not. It seems to me that if store personnel knew of prior injuries, falls, or even use of the red balls as playground equipment, any of those facts just might be relevant to plaintiff's claims.

Third, plaintiff argues that the red balls are a national design and someone from Target's home office in Minnesota will have to fly in to testify about them. First of all, plaintiff needs to recognize that he is in federal court now and at least if he stays in front of this Court, there is some chance that it is he that is flying to Minnesota, not a corporate representative flying to him. In addition, I do not see why Target's corporate representative cannot fly as easily to Newark International Airport as she could to JFK International Airport. Finally, despite plaintiff's belief that the red balls are a national design, Target has represented that they are not present at any of the three stores in Kings County, so the lack of connection with this district is again apparent.

Finally, plaintiff contends that his office and the office of Target's lawyers are in this district. The latter is obviously the case because plaintiff brought the case here; that may or may not change once the case is transferred. Indeed, it takes no great perspicacity to conclude that this entire venue selection was based on the convenience of plaintiff's lawyer, as plaintiff has

4

offered no other reason. But importantly, §1404(a) is not designed to accommodate or even consider the convenience of the lawyers. "[T]he convenience of the lawyers is not, of course, relevant to the determination of whether to transfer a case under § 1404(a)." Synca Direct Inc. v. SCIL Animal Care Co., No. 15 Civ. 2332, 2015 WL 3883281, at *1 (S.D.N.Y. June 22, 2015), citing, Gendreau v. Kigawa, No. 13 Civ. 3217, 2014 WL 6487426, at *12 (S.D.N.Y. Nov. 14, 2014).

Plaintiff could have just as easily brought this case in the Eastern District of Pennsylvania or the District of Connecticut. But this is a case brought by a Jersey City resident arising out of an accident in Jersey City that has the same connection to either of those districts that it has to the Eastern District of New York – that is, virtually none.

The Clerk is directed to transfer the case to the District of New Jersey.[2]

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
 June 8, 2016

---

[2] Target requests that if the Court transfers the case to the District of New Jersey, the transfer should be to the Newark Division because that is where plaintiff resides and the incident occurred. This Court has no authority to tell the District of New Jersey where to assign its cases.

5